```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


TRUSTEES OF THE TEAMSTERS UNION )
LOCAL NO. 142 PENSION TRUST     )
FUND,                           )
                                )
          Plaintiff             )
                                )
          v.                    )    CIVIL NO. 2:10 cv 249
                                )
ROGER A. BROWN, Individually,   )
RAB BROKERAGE, INC.,            )
                                )
          and                   )
                                )
DEMOTTE STATE BANK and FOWLER   )
STATE BANK,                     )
                                )
          Garnishee-Defendants  )
                                )
          Defendant             )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Turnover Order to Garnishee-Defendant, DeMotte State Bank [DE 17], and the Motion for Turnover Order to Garnishee-Defendant, Fowler State Bank [DE 19], filed by the plaintiff, Trustees of the Teamsters Union Local No. 142 Pension Fund, on November 18, 2011, and December 8, 2011, respectively.  For the following reasons, the Motion for Turnover Order to Garnishee-Defendant DeMotte State Bank [DE 17] is **DENIED,** and the Motion for Turnover Order to Garnishee-Defendant Fowler State Bank [DE 19] is **DENIED IN PART and GRANTED IN PART.**

## Background

The plaintiff, Trustees of the Teamsters Union Local No. 142 Pension Fund, owns a judgment against the defendants, Roger A. Brown and RAB Brokerage, Inc., in the amount of $16,005.87, entered on August 2, 2010. Local 142 served interrogatories on the garnishee-defendants, Demotte State Bank and Fowler State Bank. DeMotte responded that Roger Brown and his wife, Marsha Brown, have a joint account with a deposit amount of $15,257.01. All contributions to this account were the direct deposits of income from Marsha's employment, plus interest.

Fowler Bank responded that Roger and Marsha had a joint account with deposits totaling $11,513.39. Fowler later amended its response, stating that the Browns' account had an opening balance of $10,662.08, but that $3,048.00 was protected, leaving $7,614.08 frozen for garnishment. The $3,048.00 equals the amount of Roger's Social Security benefits deposited on August 17, 2011, September 6, 2011, and September 21, 2011. In addition to Roger's Social Security benefits, Marsha's income as an employee of B & M Hauling, LLC, and a federal tax refund, were deposited in the account. Over the past ten years, 24% of the total deposits originated from Roger's Social Security deposits, 45% from Marsha Brown's income, and 31% from the tax refund.

The plaintiff now requests a turnover order to satisfy the judgment against Roger Brown. Brown objects, arguing that the funds he received from Social Security and those contributed to the joint account by his wife are exempt from the turnover order.

### Discussion

The judgment-creditor bears the burden of demonstrating that the judgment-debtor has property or income subject to execution. *Carter v. Grace Whitney Properties*, 939 N.E.2d 630, 637 (Ind. App. 2010). The existing rules of property govern whether the judgment-debtor holds an interest in the property subject to execution. *Arend v. Etsler,* 737 N.E.2d 1173, 1176 (Ind. App. 2000). This may include property that the judgment-debtor owns that is in the hands of a third-party. *Freidline v. Thomalla*, 852 N.E.2d 17, 20 (Ind. App. 2006). Both Indiana and federal statutes exempt certain property a judgment-debtor owns from garnishment. Indiana Code §28-9-3-4(d)(3)(B).

Indiana Code §28-9-3-4(d)(3)(B) states that certain sources of income deposited into an account are exempt from garnishment, including "Social Security, Supplemental Security Income, veterans benefits, and certain disability pension benefits, and that there may be other exemptions from garnishment under federal or state law." 42 U.S.C. §407(a). Local 142 disputes whether the funds in the deposit account are traceable to Roger's Social

Security benefits. The funds in the account were co-mingled, and it is not clear what proportion of the funds were derived from each source. However, in its reply brief, Local 142 concedes that $3,048.00 of the funds in the Fowler Bank account are exempt as Social Security benefits. Consequently, these funds are not subject to garnishment.

The parties have not reached such a concession with regard to the ownership of the remaining funds. The signature cards for the accounts state that they are joint accounts with survivorship, not tenants in common. Indiana Code §32-17-11-4 defines a joint account as "an account payable on request of one (1) or more of two (2) or more parties whether or not mention is made of any right of survivorship."

> (a) Unless there is clear and convincing evidence of a different intent, during the lifetime of all parties, a joint account belongs to the parties in proportion to the net contributions by each party to the sums on deposit.
>
> (b) Unless:
>
> > (1) a contrary intent is manifested by the terms of the account or the deposit agreement; or
> >
> > (2) there is other clear and convincing evidence of an irrevocable trust; a trust account belongs beneficially to the trustee during the trustee's lifetime.
>
> Ind. Code §32-17-11-23

4

The ownership of funds in a joint account is a question of fact during the lifetime of the parties. *Rollings v. Smith*, 716 N.E.2d 502, 505 (Ind. App. 1999).

Local 142 first argues that the terms of the Browns' agreement with each bank is indicative of an intent to hold the funds jointly, rather than by their respective contributions, because the agreements state "Joint Account - With Survivorship (And Not As Tenants In Common)". A concurrent estate can be held as tenants in common, joint tenants, or tenants by the entirety. *United States v. Craft*, 535 U.S. 274, 279, 122 S.Ct. 1414, 1421, 152 L.Ed.2d 437 (2002). Tenants in common are presumed to own the property in equal shares, however, evidence may be submitted to prove the parties' intent to the contrary and for purposes of determining how much of the property is owned by each tenant in common. *Willett v. Clark*, 542 N.E.2d 1354, 1358 (Ind. App. 1989). Individuals who deposit money into a joint account are entitled to the opposite presumption. Indiana Code §32-17-11-23 states that the individual who made the contribution to the joint account retains ownership of the respective funds unless there is clear and convincing evidence of a contrary intent. The Browns' agreement with the bank specifically states that the Browns do not hold the account as tenants in common. Therefore, it is not assumed that the Browns hold the money in equal shares. Rather,

the Browns hold the money as joint tenants, and Local 142 has the burden to present clear and convincing evidence that the Browns intended for mutual use of all funds contributed to the account.

Local 142 also criticizes the Browns for failing to indicate the percentages of ownership on their agreements with the banks. However, Local 142 has not shown that it is necessary to state the percentages of ownership on the agreement with the bank. Rather, the law is clear that the parties own the amount equal to their contributions absent clear and convincing evidence to the contrary. Local 142, not the Browns, has the burden of proving that the Browns' ownership of the funds deviates from the statutory presumption. There is nothing apparent from the Browns' agreement with the banks manifesting an intent contrary to the presumption described in Ind. Code §32-17-11-23.

Local 142 finally argues that the manner in which the Browns used the funds indicates that they intended to share the funds jointly, rather than maintain ownership of their respective contributions. Roger made withdrawals and signed checks from the accounts for his personal and business use.

"The right to withdraw and the right of ownership, however, are separate and distinct rights." ***Shourek v. Stirling***, 621 N.E.2d 1107, 1109 (Ind. 1993). The deposit agreement may give a joint tenant the right to withdraw funds, but it does not alter

the ownership of the funds. *Shourek*, 621 N.E.2d at 1110. To alter the arrangement from the statutory presumption, there must be clear and convincing evidence that the parties intended for joint use of the funds, or that the contributor gave the deposit to the joint tenant by gift, irrevocable trust, or contract. *See Hibbard v. Hibbard*, 73 N.E.2d 181, 182 (Ind. App. 1947) (explaining that a joint account holder does not own the funds deposited by another account holder absent proof that it was given by gift, contract, or irrevocable trust); *Rogers v. Rogers*, 437 N.E.2d 92, 96 (Ind. App. 1982) (explaining that a joint tenant cannot deprive the other joint account holder of ownership of the funds he contributed by unilaterally conveying the funds without the contributor's knowledge and consent).

Roger's use of the funds alone is not clear and convincing evidence that Marsha intended to relinquish ownership of the funds in their entirety. Local 142 has not shown the history or extent of withdrawals or what the money was used for. Additionally, it is not clear that his withdrawals exceeded Roger's own contributions. Even considering the withdrawals Roger made, the court does not believe there is clear and convincing evidence that Martha intended for Roger to have unfettered use of the funds. Local 142 has not met is burden to show that the funds deposited by Marsha were given to Roger by gift, trust, or con-

7

tract, and are subject to garnishment. Therefore, Local 142 is limited to garnishing the tax refund check deposited in the Fowler Bank account.

_____

Based on the foregoing reasons, the Motion for Turnover Order to Garnishee-Defendant, DeMotte State Bank, [DE 17] filed by the plaintiff on November 18, 2011, is **DENIED,** and the Motion for Turnover Order to Garnishee-Defendant, Fowler State Bank, [DE 19] filed by the plaintiff on December 8, 2011, is **DENIED IN PART and GRANTED IN PART.** Fowler State Bank is directed to transfer $2,300.36 to the plaintiff, Teamsters Union Local 142 Pension Fund.

ENTERED this 8th day of February, 2012

                                  s/ ANDREW P. RODOVICH
                                      United States Magistrate Judge